# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| THE DOCTOR AND THE PROFESSOR, LLC, )<br>d/b/a 17/64 KITCHEN AND BAR, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>THOSE CERTAIN UNDERWRITERS AT )<br>LLOYDS OF LONDON PARTICIPATING )<br>IN BRIT GLOBAL SYNDICATE NO. 2987, )<br>THOSE CERTAIN UNDERWRITERS AT )<br>LLOYDS OF LONDON SUBSCRIBING TO )<br>POLICY NO. PKBRT11365, MARSHALL & )<br>STERLING ENTERPRISES, INC., )<br>MARSHALL & STERLING, INC., JOHN )<br>HARPER, RYAN NELTHROPP, )<br>CRAWFORD & COMPANY, CRAWFORD )<br>& COMPANY (CANADA), INC., GEOFF )<br>SULLIVAN, NOVAK LAW OFFICES, and )<br>NEAL R. NOVAK, )<br>)<br>**Defendants.** )<br>)| Civil Action No. 2019-0004 |

**Attorneys:**
**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**John P. Golden, Esq.,**
Miami, FL
    *For Defendants Those Certain Underwriters at Lloyds of London Participating in Brit Global Syndicate No. 2987, Those Certain Underwriters at Lloyds of London Subscribing to Policy No. PKBRT11365, Crawford and Company, Crawford and Company (Canada), Inc., and Geoff Sullivan*

**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants Marshall and Sterling Enterprises, Inc., Marshall and Sterling, Inc., John Harper, and Ryan Nelthropp*

**Neal R. Novak, Esq.,**
Chicago, IL
   *For Defendants Novak Law Offices and Neal R. Novak*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants'[1] "Joint Motion to Strike Plaintiff's Notice of Voluntary Dismissal" ("Motion to Strike") (Dkt. No. 23), Plaintiff The Doctor and the Professor, LLC, d/b/a 17/64 Kitchen and Bar's ("Plaintiff") Opposition thereto (Dkt. No. 32), and Defendants' Reply (Dkt. No. 34). For the following reasons, the Court will grant Defendants' Motion to Strike.

### I. BACKGROUND

In November 2018, Plaintiff filed the Complaint in this matter in the Superior Court of the Virgin Islands. (Dkt. No. 1-1). The Complaint alleges contractual, tort-based, declaratory judgment, and racketeering claims arising out of an alleged failure to pay insurance claims relating to property damage and theft caused by Hurricane Maria. *Id.*

Defendants jointly removed this action to federal court on January 9, 2019. (Dkt. No. 1). Defendants removed this action from the Superior Court based on purported federal question subject matter jurisdiction under 28 U.S.C. § 1331, and purported diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Id.* at 6. As the basis for federal question jurisdiction, Defendants point to Count VIII of the Complaint which asserts a civil RICO claim under 18 U.S.C.

---

[1] Those Certain Underwriters at Lloyds of London Subscribing to Policy No. PKBRT11365 ("Defendant Lloyds Policy Underwriters"), Those Certain Underwriters at Lloyds of London Participating in Brit Global Syndicate No. 2987 ("Defendant Lloyds Syndicate Underwriters"), Marshall and Sterling Enterprises, Inc. ("Defendant M&S Enterprises"), Marshall and Sterling, Inc. ("Defendant M&S Inc."), John Harper ("Defendant Harper"), Ryan Nelthropp ("Defendant Nelthropp"), Crawford and Company, Crawford and Company (Canada), Inc., Geoff Sullivan, Novak Law Offices, and Neal R. Novak (collectively "Defendants").

§§ 1962-1964[2] against Defendant Lloyds Policy Underwriters, Defendant Lloyds Syndicate Underwriters, Defendant M&S Enterprises, Defendant M&S Inc., Defendant Harper, and Defendant Nelthropp. *Id.* at 7.

Plaintiff then filed a "Notice of Voluntary Dismissal of Count VIII Only, Without Prejudice" ("Notice of Dismissal") (Dkt. No. 21), wherein Plaintiff purported to dismiss the federal RICO Count pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Defendants then filed their Motion to Strike arguing that the Notice of Dismissal was procedurally improper, did not serve to dismiss the federal claim, and should be stricken. (Dkt. No. 23).

## II.  DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure ("Rule 41") permits a plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). "[A] filing under [Rule 41(a)(1)(A)(i)] is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008).

Defendants have filed a Motion to Strike arguing that the Notice of Dismissal is procedurally improper because "Rule 41(a) does not allow for the dismissal of one specific claim

---

[2] The federal Racketeer Influenced and Corrupt Organization Act ("RICO") is codified at 18 U.S.C. §§ 1961-1968. The Complaint specifies that Plaintiff alleges violations of 18 U.S.C. §§ 962-1964. (Dkt. No. 1-1 at 41). The Court believes this to be a typo and that Plaintiff intended to allege violations of 18 U.S.C. §§ 1962-1964.

3

of many against certain defendants where those defendants would remain in the action."[3] (Dkt. No. 23 at 3).

Because Rule 41(a) refers to dismissal of "an action," courts have disagreed about whether the Rule permits the voluntary dismissal of one claim of several or one defendant of many. *Compare, e.g.*, *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("The plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through a Rule 41(a)(1) notice."), *with Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) 'does not speak of dismissing one claim in a suit; it speaks of dismissing "an action"—which is to say, the whole case.'" (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001))).

The Third Circuit has recognized that "Rule 41(a) provides a mechanism for a plaintiff to voluntarily dismiss an entire lawsuit, and this Circuit also recognizes that the rule allows a party to voluntarily dismiss all of its claims against a particular party." *Noga v. Fulton Fin. Corp. Emp. Benefit Plan*, 19 F.4th 264, 271 n.3 (3d Cir. 2021) (citing *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945) and 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2020)); *see also Diorio v. Harry*, No. 21-1416, 2022 WL 3025479, at *2 n.3 (3d Cir. Aug. 1, 2022) ("Federal Rule of Civil Procedure 41(a)(1)(A) allows a plaintiff to dismiss claims against individual defendants without a court order . . . ." (citing *Noga*, 19 F.4th at

---

[3] Defendants first argue that the Notice of Dismissal should be stricken because the Notice refers to Rule 41(a)(1)(A)(ii), which is for joint stipulations of dismissal and Defendants did not sign any stipulation. (Dkt. No. 23 at 3). Plaintiff acknowledges that there was a typographical error in its Notice of Dismissal, and that it should have referred to Rule 41(a)(1)(A)(i). (Dkt. No. 32 at 1). The Court does not find this typographical error to constitute a basis on which to strike Plaintiff's Notice of Dismissal and understands the Notice of Dismissal, as corrected, to be brought pursuant to Rule 41(a)(1)(A)(i).

271 n.3)). However, in this matter, Plaintiff seeks to dismiss one claim of many claims without dismissing any Defendant entirely from the case.

Courts within the Third Circuit have generally found that Rule 41(a) is not the proper procedural tool to dismiss one claim of many, but a plaintiff attempting to voluntarily drop a claim must instead use Rule 15 to amend their complaint. *See Chan v. Cnty. of Lancaster*, Civil Action No. 10-cv-03424, 2013 WL 2412168, at *16 (E.D. Pa. June 4, 2013) ("In an action with multiple defendants, voluntary dismissal of all claims against a single defendant is permitted under Rule 41(a); however, voluntary dismissal of some, but not all claims, against a single defendant is not permitted under Rule 41(a). The proper procedural mechanism for dismissing less than all of the claims in an action is a motion to amend under Federal Rule of Civil Procedure 15(a)." (citing *Pedrina v. Han Kuk Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993)) (internal citation omitted)); *Rosario v. Strawn*, Civil Action No. 2:19-cv-01040, 2020 WL 5810009, at *3-4 (W.D. Pa. Sept. 30, 2020) (following *Chan*); *Stache v. Mid Mon Valley Transit Auth.*, Civil Action No. 19-1364, 2020 WL 1477199, at *2 (W.D. Pa. Mar. 26, 2020) (same); *Otto v. Williams*, Civ. No. 15-3217, 2016 WL 3136923, at *3-4 (E.D. Pa. June 6, 2016) ("Although Rule 41(a)(1)[A](i) allows the withdrawal without prejudice of *all* claims against a defendant before an answer is filed, it does not provide for selective withdrawal. . . . To withdraw without prejudice fewer than all claims against Defendants, Plaintiffs must seek leave to amend their Second Amended Complaint."), *aff'd*, 704 F. App'x 50 (3d Cir. 2017); *Ctr. for Orthopedics & Sports Med. v. Horizon*, Civil No. 13-1963(KSH)(CLW), 2015 WL 5770385, at *2 (D.N.J. Sept. 30, 2015) ("[A] plaintiff wishing to withdraw particular claims without prejudice must amend the complaint pursuant to Fed.R.Civ.P. 15(a)." (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir.2004))); *Smith, Kline & French Lab'ys v. A. H. Robins Co.*, 61 F.R.D. 24, 31 (E.D. Pa. 1973) ("[W]e hold that

5

SK&F has properly brought its motion to withdraw Count II of the original complaint under Rule 15(a) of the Federal Rules of Civil Procedure, and that Rule 41(a) is not applicable in this situation since plaintiff *seeks to drop a single claim against several defendants, but does not seek to dismiss all claims as to any defendant*."); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 (4th ed. 2022) ("It seems well established that when multiple claims are filed against a particular defendant, Rule 41(a) is applicable only to the voluntary dismissal of all claims against the defendant; many . . . courts, but not all, have indicated that a plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15.").

Plaintiff cites several cases that it claims support the proposition that a plaintiff can voluntarily dismiss part of an action by a notice pursuant to Rule 41(a). (Dkt. No. 32 at 2).

First, in *Bowers v. National Collegiate Athletic Ass'n*, 346 F.3d 402, 413 (3d Cir. 2003), a party filed a notice of dismissal of its third-party complaint against one of several defendants. The Third Circuit stated that "we see no reason why Temple should not be able partially to dismiss its third-party complaint as authorized by Rule 41(a)." *Id.* The Third Circuit did question whether the notice was effective when it was filed because it was filed in the district court when the case was on appeal, but remanded "on the basis of our understanding that Temple continues to wish to dismiss Memphis from the case and thus, on the remand we are ordering, will refile its notice of dismissal." *Id.* at 414. While the case supports the proposition that a plaintiff can use Rule 41(a) to dismiss all claims against one of many defendants, it does not speak to dismissing one claim of many against a defendant(s).

Second, in *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1080 (9th Cir. 1999), the Ninth Circuit held that the district court lacked the authority to impose a

condition on a notice of voluntary dismissal. The case does not directly discuss dismissal of part of an action, except that it discusses the case *Concha v. London*, 62 F.3d 1493 (9th Cir. 1995)—where the Ninth Circuit stated that "[t]he plaintiff may dismiss either some or all of the defendants—or some or all of his claims—through a Rule 41(a)(1) notice." Although this may be the approach of the Ninth Circuit—as noted above—courts within the Third Circuit have disagreed.

Finally, Plaintiff cites *Genty v. Twp. of Gloucester*, 736 F. Supp. 1322 (D.N.J. 1990), *aff'd sub nom. Genty v. Resolution Tr. Corp.*, 937 F.2d 899 (3d Cir. 1991), wherein the Court granted a motion to voluntarily dismiss several claims against one defendant ("the Township") pursuant to Rule 41(a)(2) after analyzing whether there would be any prejudice to defendants. However, in *Genty,* the plaintiffs moved to dismiss *all of their remaining* claims after its RICO claims against the Township were dismissed "in an attempt to obtain finality to permit an appeal" of those RICO claims.[4] *Id.* at 1327. Thus, the dismissal of these claims was a dismissal of the Township in its entirety since all claims were then dismissed as to the Township.

The Court therefore finds, in accordance with the majority approach within the Third Circuit, that Plaintiff may not use Rule 41(a)(1)(A)(i) to voluntarily dismiss only Count VIII of the Complaint, and the Notice of Dismissal is procedurally improper.

---

[4] The matter in *Genty* was complex in that several cases were consolidated, and the case was then divided into Phase One suits and Phase Two suits. *Genty*, 736 F. Supp. at 1324-25. The Court stayed the Phase Two claims, while the Phase One claims progressed. *Id.* The dismissal of claims discussed in the opinion cited by Plaintiff was referring only to the dismissal of Phase One claims against the Township.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Strike and strike Plaintiff's Notice of Dismissal as procedurally improper.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 13, 2022 _____/s/_____
WILMA A. LEWIS
District Judge